# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGATI, LLC; DR. CORINNE JENNI,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General; et al.,<br><br>Defendants. | Case No.: 3:18-cv-01200-H-AGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br>[Doc. No. 15]<br><br>**(2) GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br>[Doc. No. 19] |

On June 7, 2018, Plaintiffs Strategati, LLC and Dr. Corinne Jenni filed a complaint seeking judicial review of an administrative denial of Dr. Jenni's I-140 Immigrant Petition. (Doc. No. 1.) On October 23, 2018, Defendants answered Plaintiffs' complaint. (Doc. No. 8.) Defendants filed the Administrative Record on November 9, 2018. (Doc. No. 14–14-10, "AR.") On January 7, 2019, Plaintiffs filed a motion for summary judgment, asking the Court to reverse denial of Dr. Jenni's immigration application by U.S. Customs and Immigration Service ("USCIS") and direct USCIS to grant the application. (Doc. No. 15.)

On April 1, 2019, Defendants cross-moved for summary judgment, asking the Court to affirm USCIS's decision. (Doc. No. 19.) For the reasons below, the Court denies Plaintiffs' motion for summary judgment and grants Defendants' cross-motion for summary judgment.

## BACKGROUND

**I.  Legal Framework**

Section 203(b)(1)(A) of the Immigration and Nationality Act ("INA") provides for the issuance of a visa to an alien if:

> (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,
>
> (ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability, and
>
> (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

8 U.S.C. § 1153(b)(1)(A). An individual can meet the evidentiary threshold for proving extraordinary ability by providing either evidence of a "major, international recognized award" or at least three of the following criteria:

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
>
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
>
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
>
> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or

business-related contributions of major significance in the field;

(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

(ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

8 C.F.R. § 204(h)(3). If such evidence does not apply to the alien's occupation, comparable evidence is accepted. Id. § 204.5(h)(4). "If a petitioner has submitted the requisite evidence, USCIS determines whether the evidence demonstrates both a 'level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the[ir] field of endeavor,' 8 C.F.R. § 204.5(h)(2), and 'that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise.' 8 C.F.R. § 204.5(h)(3)." Kazarian v. U.S. Citizenship & Immigration Servs., 596 F.3d 1115, 1119–20 (9th Cir. 2010). "The scant caselaw indicates that the regulations regarding this preference classification are extremely restrictive." Id. at 1120 (internal quotation marks, alteration, and citation omitted).

## II. Factual History

On January 2018, Dr. Jenni filed an employment-based immigrant petition to classify herself as an "alien with extraordinary ability" under § 203(b)(1)(A) of the INA. (AR 5–27.) Dr. Jenni claimed extraordinary ability in the field of small business strategy. (Id.) On February 2, 2018, USCIS made a request for additional evidence in support of the petition. (Id. 69–75.) Dr. Jenni responded to the request. (Id. 76–98.)

To establish extraordinary ability or alternatively the first listed criteria, Dr. Jenni submitted evidence of two "Stevie Women in Business Awards" won by Dr. Jenni in 2017—specifically, a "Bronze Stevie" for "Woman of the Year – Advertising, Business

Services, Marketing and Public Relations" and a "Bronze Stevie" for "Woman of the Year – Business Services." (Id. 176–180.) Dr. Jenni also provided additional evidence in relation to her Stevie Awards and other criteria. (Id. 171–205.) After consideration of Dr. Jenni's submitted evidence, USCIS concluded that Dr. Jenni's Stevie Awards were not major, internationally recognized awards and Dr. Jenni did not meet at least three of the ten criteria, stating:

> Upon review, USCIS finds that the beneficiary has not received a one-time achievement (a major internationally recognized award) or does not meet at least three of the ten criteria. Since the petitioner has not established by a preponderance of the evidence that the beneficiary meets at least three of the antecedent evidentiary prongs, USCIS will not conduct a final merits determination to determine whether the beneficiary has reached a level of expertise indicating that the beneficiary is one of that small percentage who have risen to the very top of the field of endeavor, and whether the beneficiary has sustained acclaim.

(Id. 55–61.) Accordingly, Plaintiffs filed the instant complaint on June 7, 2018 seeking review of USCIS's denial of Dr. Jenni's petition. (Doc. No. 1.)

## **LEGAL STANDARD**

"In actions brought under the Administrative Procedures Act ('APA'), summary judgment serves as an avenue for deciding whether a final agency action is adequately supported by the administrative record." Repaka v. Beers, 993 F. Supp. 2d 1214, 1217 (S.D. Cal. 2014) (citing Northwest Motorcycle Ass'n v. U.S. Dep't Agric., 18 F.3d 1468, 1471–72 (9th Cir. 1994)). Under the APA, a court may set aside an agency's final decision only on a finding that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife, 273 F.3d 1229, 1236 (9th Cir. 2001). An agency action is arbitrary or capricious if the agency does not "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42–43 (1983) (internal quotation marks and citation omitted).

/ / /

"The agency's factual findings are reviewed for substantial evidence." Family Inc. v. U.S. Citizenship & Immigration Servs., 469 F.3d 1313, 1315 (9th Cir. 2006). A court "will not disturb the agency's findings under this deferential standard unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." Id. "Review under this standard is to be searching and careful, but remains narrow, and a court is not to substitute its judgment for that of the agency." Friends of the Clearwater v. Dombeck, 222 F.3d 552, 556 (9th Cir. 2000). A court's review is based on the administrative record that was before the agency decisionmakers at the time of their decision. Repaka, 993 F. Supp. 2d at 1218 (citing Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971)).

## DISCUSSION

Plaintiffs argue that USCIS abused its discretion by denying Dr. Jenni's immigration petition because she has proven extraordinary ability through her Stevie Awards, or alternatively, through meeting eight of the ten criteria. (Doc. No. 15.) Defendants argue that USCIS correctly concluded that Dr. Jenni's Stevie Awards are not major, internationally recognized awards and that Dr. Jenni only meets two of the required three criteria. (Doc. No. 19.) After consideration of the parties' arguments and thorough review of the administrative record, the Court grants summary judgment in favor of Defendants and denies summary judgment in favor of Plaintiffs.

**I.    One-Time Achievement**

Plaintiffs first argue that Dr. Jenni proved extraordinary ability because her Stevie Awards are major, internationally recognized awards under 8 C.F.R. § 204.5(h)(3). (Doc. No. 15 at 8–12.) Dr. Jenni has won two Bronze Stevie Awards for "Woman of the Year – Advertising, Business Services, Marketing and Public Relations" and "Woman of the Year – Business Services." (AR 176–180.) In addition to evidence that she won the awards, Dr. Jenni provided USCIS evidence in support of her proposition that a Stevie Award is a major, internationally recognized award, including a letter from the President of Stevie, media descriptions of the Stevie Awards, and a list of award winners. (Id. 171–205.) In its request for information, USCIS asked Dr. Jenni to provide, among other things, evidence

5

3:18-cv-01200-H-AGS

showing the criteria used to grant the award. (Id. 71–72.) Dr. Jenni did not provide such evidence, but instead merely stated that there were established criteria. (Id.; Doc. No. 19-1 at 6.)

USCIS in its decision denying Dr. Jenni's petition explained that Dr. Jenni failed to demonstrate that Stevie Awards are major, internationally recognized awards, a category with limited applicability:

> After reviewing the record, [a Stevie Award] does not qualify as a major, internationally recognized award. Given Congress's intent to restrict that category to "that small percentage of individuals who have risen to the very top of their field of endeavor," the regulation permitting eligibility based on a one-time achievement must be interpreted very narrowly, with only a small handful of awards qualifying as major, internationally recognized awards. See H.R. Rep. 101-723, 59 (Sept. 19, 1990), reprinted in 1990 U.S.C.C.A.N. 6710, 1990 WL 200418, at *6739. The House Report specifically cited the Nobel Prize as an example of a one-time achievement; other examples which enjoy major, international recognition may include the Pulitzer Prize, the Academy Award, and (most relevant for athletics) an Olympic Medal. The regulation is consistent with this legislative history, stating that a one-time achievement must be a major, internationally recognized award. 8 C.F.R. § 204.5(h)(3). The selection of Nobel Laureates, the example provided by Congress, is reported in the top media internationally regardless of the nationality of the awardees, reflects a familiar name to the public at large, and includes a large cash prize.
>
> . . .
>
> The evidence does not show that the petitioner has received a major, internationally recognized prize or award."

(AR 57.) USCIS came to this conclusion not only based its review of the initial evidence presented by Dr. Jenni, but also based on its review of Dr. Jenni's response to USCIS's request for evidence. (See id. 55–61.) USCIS also explained that Dr. Jenni's Stevie Awards did not meet the lower threshold required by the first criterion, stating:

> Initially, the category "Woman of the Year" does not measure the petitioner's standing or selection from the whole field and among those men who are well established in the field or convey the petitioner's extraordinary ability under this criterion.

/ / /

> Additionally, we do not consider such an honor to be a nationally or internationally recognized prize or award for excellence in the field of endeavor, because it is limited to participants of that competition; thus, such evidence has no probative value for meeting this criterion. Therefore, this criterion remains unmet.

(Id. 58.) In sum, the parties here dispute what constitutes a major, internationally recognized award. As one court explained in a similar instance:

> Common experience draws no line of demarcation between those awards that are "major" and those that are not. The applicable law in this case draws no clearer line, other than to establish that some awards are "major, international recognized awards" and others are "lesser nationally or internationally recognized prizes or awards". 8 C.F.R. § 204.5(h)(3) & (3)(i). Nothing in either the INA or the regulations implementing it explains how USCIS or a reviewing court is to differentiate between "major" and lesser awards. In legislative history, Congress named the Nobel Prize as its sole example of a major, internationally recognized award that would by itself demonstrate "extraordinary ability." Kazarian, 596 F.3d at 1119 (citing 1990 U.S.C.C.A.N. 6710, 6739). No one suggests that an alien must win a Nobel Prize to qualify, and no one suggests that [Plaintiff's] awards are on par with a Nobel Prize. What awards less prestigious and recognized than the Nobel Prize qualify as major, international awards is a question that the law does not answer. There is little question, moreover, that Congress felt it unnecessary and perhaps inadvisable to define "major" in this context. It entrusted that decision to the administrative process.

Rijal v. U.S. Citizenship & Immigration Servs., 772 F. Supp. 2d 1339, 1345 (W.D. Wash. 2011), aff'd, 683 F.3d 1030 (9th Cir. 2012).

Accordingly, the Court must review the administrative record that was before USCIS and determine whether USCIS "considered the relevant factors and articulated a rational connection between the facts it found and the choice it made." Id. at 1345–46; see Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43. Here, USCIS considered Dr. Jenni's Stevie Awards and the supplemental evidence Dr. Jenni submitted in support of her claim that Stevie Awards are major, internationally awards. (See AR 55–61.) USCIS's decision articulated a rational connection between the facts presented to it and its conclusion that Dr. Jenni's Stevie Awards were not major, internationally recognized awards under 8 C.F.R. § 204.5(h)(3), emphasizing how rarely Congress intended this provision to be

applicable. Accordingly, the Court cannot conclude that USCIS's decision that Dr. Jenni's Stevie Awards were not major, internationally recognized awards was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." See 5 U.S.C. § 706(2)(A); Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–4.

## II. Extraordinary Ability Evidentiary Criteria

Plaintiffs also assert that Dr. Jenni proved extraordinary ability by meeting eight of the ten criteria listed in 8 C.F.R. § 204.5(h)(3). (Doc. No. 15 at 12–25.) Defendants concede that USCIS determined that Dr. Jenni met two of the criteria from 8 C.F.R. § 204.5(h)(3)—"(iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought" and "(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media[.]" (Doc. No. 19-1 at 7; AR 57.) Defendants maintain that USCIS correctly concluded that Dr. Jenni did not meet any of the other criteria. (Doc. No. 19-1 at 7–11.) Plaintiffs concede that two of the criteria do not apply here—"(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases" and "(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales." (Doc. No. 15 at 15–16.) Again, the Court must review the administrative record that was before USCIS and determine whether USCIS "considered the relevant factors and articulated a rational connection between the facts it found and the choice it made" on each of the six criteria at issue. Rijal, 772 F. Supp. 2d at 1345–46.

In support of the first criterion, 8 C.F.R. § 204.5(h)(3)(i), "[d]ocumentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor," Dr. Jenni provided her Stevie Awards and supporting documentation. (AR 171–205.) USCIS requested that Dr. Jenni provide the judging criteria used for Stevie Awards, but Dr. Jenni failed to provide such information. (Doc. No. 19-1 at 6; see AR 83.) After review of Dr. Jenni's evidence, USCIS concluded that Dr. Jenni's Stevie Awards do not qualify under this criterion, stating:

> Initially, the category "Woman of the Year" does not measure the petitioner's standing or selection from the whole field and among those men who are well established in the field or convey the petitioner's extraordinary ability under this criterion.
>
> Additionally, we do not consider such an honor to be a nationally or internationally recognized prize or award for excellence in the field of endeavor, because it is limited to participants of that competition; thus, such evidence has no probative value for meeting this criterion. Therefore, this criterion remains unmet.

(AR 58.) USCIS considered the evidence presented to it by Dr. Jenni and articulated a rational connection between that evidence and its conclusion that the first criterion was not met. Accordingly, the Court cannot conclude that USCIS's decision on the first criterion was arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

For the second criterion, 8 C.F.R. § 204.5(h)(3)(ii), Dr. Jenni provided evidence showing that she is a member of the Institute of Management Consultants, Strategic Management Society, Academy of Management, SCORE San Diego, and the Chamber of Commerce to show "[d]ocumentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields[.]" (AR 72.) USCIS in its request for evidence noted that Dr. Jenni submitted evidence that she is a member of five different organizations, but Dr. Jenni provided no evidence that any one of the organizations "requires outstanding achievements of its members as judged by recognized national or international experts in their disciplines or fields." (Id. 72.) USCIS requested that Dr. Jenni provide such information if available. (Id.) Dr. Jenni however failed to provide any additional evidence on this criterion. (Doc. No. 19-1 at 8.) Therefore, in its decision, USCIS concluded that Dr. Jenni did not meet this criterion, stating "In response to the [request for evidence], the petitioner submitted no further evidence or arguments in support of [her] meeting this criterion. Therefore, this criterion remains unmet." (AR 58.) USCIS reviewed the evidence available to it and

articulated a rational connection between the evidence and its conclusion that Dr. Jenni failed to meet this criterion's requirements. The Court thus cannot conclude that USCIS's decision on this criterion was arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

On the third criterion, 8 C.F.R. § 204.5(h)(3)(iii), Dr. Jenni provided an article about her on a HuffPost contributor platform blog and a citation to an issue of the San Diego Business Journal about entrepreneurial women that mentions Dr. Jenni to show "[p]ublished material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought." (AR 188–192, 229.) Dr. Jenni also provided articles entitled "Is the Huffington Post a Newspaper?" and "Why the New York Times Will Lose to the Huffington Post" to show that the blog meets this criterion. (Id. 193–199.) After review of the evidence, USCIS concluded that Dr. Jenni's evidence was insufficient to meet the criterion, stating that the San Diego Business Journal article "is about the rise of entrepreneurial women and not the petitioner specifically. Articles that are not about the beneficiary do not meet this regulatory criterion." (Id. 58 [citing Noroozi v. Napolitano, 905 F. Supp. 2d 535, 545 (S.D.N.Y. 2012); Negro-Plumpe v. Okin, 2:07-CV-820-ECR-RJJ at *1, *7 (D. Nev. Sept. 8, 2008)].) Further, USCIS concluded that with respect to the HuffPost blog article, Dr. Jenni failed to demonstrate that the source is a major media or professional or major trade publication, explaining that not all material found on internet sites such as the HuffPost blog "may be equivalent to material with stringent vetting and high standards for publication." (Id.) USCIS then listed issues inherent with internet publishing that make internet sources such as the HuffPost blog "less probative than documents published by a publishing house or major news organization." (Id.) Dr. Jenni also stated that she was interviewed for a television show, (Doc. No. 15 at 13), but any such interview has not aired and was not submitted as evidence to USCIS. (See Doc. No. 19-1 at 9.) USCIS reviewed the evidence that was presented to it and concluded that Dr. Jenni failed to meet this criterion, sufficiently articulating its rational reasons for reaching that conclusion. Thus,

the Court concludes that USCIS's decision that Dr. Jenni did not meet the evidentiary requirements for this criterion is not arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

In support of the fifth criterion, 8 C.F.R. § 204.5(h)(3)(v), Dr. Jenni submitted evidence of Dr. Jenni's published book chapters, published journal articles, conference presentations, and strategic management technology software system using a patented[1] logarithm as "[e]vidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field[.]" (AR 89–95) In its request for evidence, USCIS stated that this evidence, "while demonstrating original contributions, does not substantiate original contributions of 'major significance' in a field whose leaving scholars (according to Google Scholar) have garnered citations numbered well in the thousands." (Id. 73.) Dr. Jenni then provided seven letters in support of her application. (Id. 91.) In its decision, USCIS reviewed the evidence and concluded that Dr. Jenni did not meet this criterion, stating that "[r]egardless of the field, the phrase 'contributions of major significance in the field' requires substantial influence beyond one's employers, clients, or customers." (Id. 59 [citing Visinscaia v. Beers, 4 F. Supp. 3d 126, 134–35 (D.C. 2013)].) USCIS further explained:

> The record shows that petitioner is an inventor of a patent, but a patent is not necessarily evidence of a track record of success with some degree of influence over the field as a whole. See Matter of New York State Dep't of Transp., 22 I&N Dec. 215, 221 n. 7 (Comm'r. 1998). While the issuance of a patent does verify the originality of a device or process, the significance of an invention is not evaluated during the application process. [USCIS] must determine on a case-by-case basis the contribution of the innovation to the academic field.
>
> [Dr. Jenni] submitted letters of support, but the submission of solicited letter supporting the petition is not presumptive evidence of eligibility. USCIS may in its discretion use such letters as advisory opinions submitted by expert witnesses, but [USCIS] is ultimately responsible for making the final

---

[1] Defendants state in their motion for summary judgment that Dr. Jenni misrepresented to USCIS through ambiguous evidence that she has a patent, while she only in fact has a pending patent application. (Doc. No. 19-1 at 9.)

> determination of the beneficiary's eligibility. See Matter of Caron International, 19 I&N Dec. 791, 795 (Comm. 1988); see also Matter of V-K, 24 I&N Dec. 500, n. 2 (BIA 2008) (noting that expert opinion testimony does not purport to be evidence as to "fact"). Moreover, [Dr. Jenni's] original contributions in the field must be demonstrated by preexisting, independent, and corroborating evidence.

(Id.) Based on USCIS's review of the record, USCIS concluded that Dr. Jenni's evidence did not demonstrate that her achievements amount to original contributions of major significance in her field. (Id.) USCIS articulated satisfactory reasoning for reaching this conclusion. Therefore, the Court cannot conclude that USCIS's decision that Dr. Jenni failed to meet this criterion was arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

For the eighth criterion, 8 C.F.R. § 204.5(h)(3)(viii), to show "[e]vidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation," Dr. Jenni submitted evidence of her roles in the Small Business Administration and IMC USA, the certifying body of management consultants in the United States. (AR 95.) Specifically, Dr. Jenni emphasized that a letter from IMC USA states that Dr. Jenni was "selected to join the Membership Committee Panel, serving as committee chair to develop new strategy and direction for our growing membership . . . Because of her research and knowledge of the turbulence levels and the environment that small businesses must exist and operate in, she has a level of expertise not normally encountered in the field." (Id.) In its decision, USCIS concluded that Dr. Jenni's evidence did not meet this criterion, emphasizing that this criterion requires a petitioner to "provide specifics relating to how [her] role was leading or critical to an organization or establishment as a whole." (Id. 66 [citing Noroozi, 905 F. Supp. 2d at 545].) USCIS reviewed the evidence provided by Dr. Jenni and explained that "it does not provide specific examples of how the petitioner's roles rise to the level of leading or critical consistent with this regulatory criterion. Repeating the language of the statute or regulations does not satisfy the beneficiary's burden of proof. . . . Moreover, USCIS need not accept primarily conclusory assertions." (Id. [internal citations omitted].) Because

12

3:18-cv-01200-H-AGS

USCIS reviewed the evidence and articulated a rational connection between the evidence and its conclusion that Dr. Jenni failed to meet this criterion, the Court cannot conclude that USCIS's decision on this criterion was arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

Finally, on the ninth criterion, 8 C.F.R. § 204.5(h)(3)(ix), Dr. Jenni provided a letter from a previous client showing that Dr. Jenni's service fees are "5 times higher than any other ordinary business strategy consulting services" and the client's reasoning for paying Dr. Jenni "above standard compensation" to show "[e]vidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field[.]" (Doc. No. 15 at 22; AR 97.) In its request for evidence, USCIS stated that this did not establish that Dr. Jenni commanded a high salary in relation to others in the field and provided examples of evidence that may be sufficient. (AR 74.) In response, Dr. Jenni stated that "Based on report by the Glassdoor, the national average salary for a Business Strategist is $106,565. Dr. Jenni earns between [$]25,000 and [$]150,000 per month." (Id. 97.) In reviewing the evidence, USCIS concluded that Dr. Jenni's evidence was insufficient, explaining, "in order to meet this criterion, the petitioner must submit documentary evidence of the earnings of those in [her] occupation performing similar work at the top level of the field because this is where the petitioner claims to stand." (Id. 60.) USCIS concluded after review of the evidence that "[t]he petitioner's attempt to use average local salary levels does not allow for an appropriate basis for comparison in determining a high salary 'in relation to others in the field.'" (Id. [citing Matter of Price, 20 I&N Dec. 953, 954 (BIA 1994)].) In its decision, USCIS reviewed the evidence presented to it and articulated satisfactory, rational reasoning for its conclusion that Dr. Jenni failed to meet this criterion. The Court therefore cannot conclude that USCIS's decision on this criterion is arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

/ / /

/ / /

13

3:18-cv-01200-H-AGS

USCIS reviewed the evidence and articulated a rational connection between the evidence and its conclusion that Dr. Jenni failed to meet this criterion, the Court cannot conclude that USCIS's decision on this criterion was arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

Finally, on the ninth criterion, 8 C.F.R. § 204.5(h)(3)(ix), Dr. Jenni provided a letter from a previous client showing that Dr. Jenni's service fees are "5 times higher than any other ordinary business strategy consulting services" and the client's reasoning for paying Dr. Jenni "above standard compensation" to show "[e]vidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field[.]" (Doc. No. 15 at 22; AR 97.) In its request for evidence, USCIS stated that this did not establish that Dr. Jenni commanded a high salary in relation to others in the field and provided examples of evidence that may be sufficient. (AR 74.) In response, Dr. Jenni stated that "Based on report by the Glassdoor, the national average salary for a Business Strategist is $106,565. Dr. Jenni earns between [$]25,000 and [$]150,000 per month." (Id. 97.) In reviewing the evidence, USCIS concluded that Dr. Jenni's evidence was insufficient, explaining, "in order to meet this criterion, the petitioner must submit documentary evidence of the earnings of those in [her] occupation performing similar work at the top level of the field because this is where the petitioner claims to stand." (Id. 60.) USCIS concluded after review of the evidence that "[t]he petitioner's attempt to use average local salary levels does not allow for an appropriate basis for comparison in determining a high salary 'in relation to others in the field.'" (Id. [citing Matter of Price, 20 I&N Dec. 953, 954 (BIA 1994)].) In its decision, USCIS reviewed the evidence presented to it and articulated satisfactory, rational reasoning for its conclusion that Dr. Jenni failed to meet this criterion. The Court therefore cannot conclude that USCIS's decision on this criterion is arbitrary, capricious, or otherwise improper. See Motor Vehicle Mfrs. Ass'n, 463 U.S. at 42–43.

/ / /

/ / /

13
3:18-cv-01200-H-AGS

Accordingly, after thoroughly reviewing the administrative record and USCIS's decision on each criterion claimed by Dr. Jenni, the Court cannot conclude that USCIS's decision that Dr. Jenni did not meet at least three of the required criteria was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." See 5 U.S.C. § 706(2)(A).

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs have shown nothing arbitrary, capricious, or otherwise improper with regards to USCIS's analysis of the evidence presented to it. The Court therefore denies Plaintiffs' motion for summary judgment and grants Defendants' cross-motion for summary judgment. The Court directs the Clerk to enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

DATED: May 31, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT